UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANN COLE-HATCHARD, LAUREEN CONNELLY, DONNA DELARM, JILL DONOVAN, JEAN FREER, STEFANIE GAUDELLI, ELEANOR GOLD, GRACE HENRIQUEZ, MARION LEAVEY, MARGARET MACKEY, DIANE REEVES, CHRISTINA SAGARIA, ERICA SALERNO, CAROL SCHULER, ANTOINETTE WHITE, DEBORAH WHITTAKER, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000 AFSCME, AFL-CIO, ROCKLAND COUNTY LOCAL 844, COUNTY OF ROCKLAND UNIT 8350, <br><br>                    Plaintiffs, <br><br>        v. <br><br> COUNTY OF ROCKLAND and KATHLEEN TOWER-BERNSTEIN, in her individual capacity, <br><br>                    Defendants. | Civil Action No. 7:17-cv-02573 (KHV) |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Dated: Rhinebeck, New York
       November 20, 2019

Russell G. Wheeler (RW8995)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York 12572
Tel - 845-876-7500
Fax - 845-876-7501
rwheeler@charnywheeler.com

Attorney for Plaintiffs

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

APPLICABLE STANDARD.................................................................................................1

ARGUMENT..........................................................................................................................1

POINT I

THE 'PUBLIC CONCERN' INQUIRY RAISES
A QUESTION OF LAW FOR THE COURT WHICH IS
APPROPRIATE FOR JUDGMENT AS A MATTER OF LAW......................................1

POINT II

THE JUNE 2016 LETTER CONSTITUTES
SPEECH ON A MATTER OF PUBLIC CONCERN .................................................2

CONCLUSION.......................................................................................................................5

## TABLE OF AUTHORITIES

Cases

City of San Diego, Cal. v. Roe, 543 U.S. 77 (2004) .................................................................. 2, 4

Colvin v. Keen, 900 F.3d 63 (2d Cir. 2018) ..................................................................................... 3

Connick v. Myers, 461 U.S. 138 (1983) .............................................................................. 2, 3, 4, 5

Dasher v. Hughes,
No. 95 CIV. 3913 (WK), 2000 WL 726865 (S.D.N.Y. June 6, 2000) ........................................... 1

Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749 ............................................... 3

Ezekwo v. NYC Health & Hospitals Corp.,
940 F.2d 775 (2d Cir.), cert. denied, 502 U.S. 1013 (1991) ...................................................... 3, 5

Garcetti v. Ceballos, 547 U.S. 410 (2006) ...................................................................................... 2

Godfrey v. Boddie-Noell Enterprises, Inc.,
843 F. Supp. 114 (E.D. Va. 1994), aff'd, 46 F.3d 1124 (4th Cir. 1995) ......................................... 1

Jackler v. Byrne,
658 F.3d 225 (2d Cir. 2011) .................................................................................................. 2, 3, 5

Lewis v. Cowen, 165 F.3d 154 (2d Cir. 1999) ......................................................................... 2, 3, 4

Nagle v. Marron, 663 F.3d 100 (2d Cir. 2011) ................................................................................ 3

Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cty., Illinois,
391 U.S. 563 (1968) ........................................................................................................................ 1

Posey v. Lake Pond Oreille School Dist. No. 84, 546 F.3d 1121 (9th Cir. 2008) ........................... 2

Ruotolo v. City of New York, 514 F.3d 184 (2d Cir. 2008) ............................................................. 3

Sousa v. Roque, 578 F.3d 164, 173-174 (2d Cir. 2009) .................................................................. 4

Statutes

Fed.R.Civ.P. 50(a)(1)(A)-(B) .......................................................................................................... 1

PRELIMINARY STATEMENT

Pursuant to Federal Rule 50(a)(1), Plaintiffs move for an Order resolving that the content of the June 9, 2016 letter signed by the Employee Plaintiffs (see Wheeler Dec. Ex. 1) (herein "the June 2016 Letter" or "the Letter") as a matter of law comprises speech on a matter of public concern and granting the Plaintiffs judgment as a matter of law against Defendants on any defense founded upon the assertion that it does not.

APPLICABLE STANDARD

Federal Rule 50 permits a Court, upon finding that a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on an issue, to (i) resolve the issue against the party and (ii) grant a motion for judgment as a matter of law against the party on a claim or defense dependent on a favorable finding on that issue.  Fed.R.Civ.P. 50(a)(1)(A)-(B).  A Rule 50 Motion is the appropriate means of resolving issues that present only questions of law.  See Godfrey v. Boddie-Noell Enterprises, Inc., 843 F. Supp. 114, 119 (E.D. Va. 1994), aff'd, 46 F.3d 1124 (4th Cir. 1995).  C.f. Dasher v. Hughes, No. 95 CIV. 3913 (WK), 2000 WL 726865, at *3 (S.D.N.Y. June 6, 2000) (noting propriety of post-verdict judgment on pure question of law).

ARGUMENT

POINT I

THE 'PUBLIC CONCERN' INQUIRY RAISES A QUESTION OF LAW FOR THE COURT WHICH IS APPROPRIATE FOR JUDGMENT AS A MATTER OF LAW

Among the elements required to prevail on a claim of First Amendment retaliation in the public employment context, a plaintiff must prove that she engaged in speech on a matter "of public concern."  Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cty., Illinois, 391 U.S. 563, 574 (1968).  Whether Employee speech is addressed to a matter of a public concern

presents a question of law for the court to decide.[1]  Lewis v. Cowen, 165 F.3d 154, 163 (2d Cir. 1999) (citing Pickering, supra).

Here, the instance of protected speech alleged is the June 2016 Letter.  (FAC [D.E. 15] ¶15.  See Wheeler Dec. Ex. 1.)  Defendants do not contest the authenticity or content of the Letter and concede that it was signed by members of the Department and sent to the public officials to whom it is addressed.  (See Answ., FAC [D.E. 18] ¶ 3; Feiden Dec. Supp. M.S.J. [D.E. 35] ¶ 3 [sic], Ex. 8 [D.E. 35-8].)  Accordingly, the question of whether the Letter constitutes speech on a matter of public concern presents a pure question of law that may be appropriately resolved by way of the instant motion.

POINT II

THE JUNE 2016 LETTER CONSTITUTES SPEECH ON A MATTER OF PUBLIC CONCERN

To constitute speech on a matter of public concern, an employee's expression must "be fairly considered as relating to any matter of political, social, or other concern to the community."  Jackler v. Byrne, 658 F.3d 225, 236 (2d Cir. 2011) (quoting Connick v. Myers, 461 U.S. 138, 146 (1983).  Subjects touching upon 'public concern' include those topics that are "a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication."  City of San Diego, Cal. v. Roe, 543 U.S. 77, 83–84 (2004).  Matters recognized as implicating a public concern include those "concerning government policies that are of interest to the public at large, a subject on which public

---

[1] The 'public concern' inquiry must be distinguished from the subsequent question of whether a public employee plaintiff, in engaging in the speech at issue, spoke 'as a citizen.'  Whereas the former is a question of law for the court, the latter presents a mixed question of law and fact.  See, e.g., Posey v. Lake Pond Oreille School Dist. No. 84, 546 F.3d 1121, 1129 (9th Cir. 2008) (holding that 'private citizen' factor as articulated in Garcetti presents mixed question of fact and law). C.f. Garcetti v. Ceballos, 547 U.S. 410, 424 (2006) (describing analysis of whether employee spoke as citizen to be "a practical one.")

2

employees are uniquely qualified to comment."  Id. at 80.

Conversely, speech primarily concerning "an issue that is 'personal in nature and generally related to [the speaker's] own situation,' such as his or her assignments, promotion, or salary, does not address matters of public concern."  Jackler, 658 F.3d at 236 (quoting Ezekwo v. NYC Health & Hospitals Corp., 940 F.2d 775, 781 (2d Cir.), cert. denied, 502 U.S. 1013 (1991) (alterations in original).  See Colvin v. Keen, 900 F.3d 63, 75 (2d Cir. 2018) ("We have also reasoned that speech is not on a matter of public concern where it has 'no practical significance to the general public,' (quoting Nagle v. Marron, 663 F.3d 100, 107 (2d Cir. 2011); Ruotolo v. City of New York, 514 F.3d 184, 189 (2d Cir. 2008) ("The heart of the matter is whether the employee's speech was 'calculated to redress personal grievances or whether it had a broader public purpose.'") (quoting Lewis v. Cowen, 165 F.3d 154, 163-164 (2d Cir.1999)).  Examples of speech not addressed to a matter of public concern "include speech alleging that a public school employee forged a signature on a teaching observation, survey questions about coworkers' office morale, speech concerning the speaker's own work assignments or salary, and speech accusing a supervisor of favoritism."  Colvin, supra, 900 F.3d at 75–76 (citations omitted).  C.f. Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 762 (holding that information about an individual's credit report not a matter of public concern) (citing Connick, supra, 461 U.S. at 147-148).

Here, the June 2016 Letter plainly addresses subjects bringing it squarely within the well-settled definition of a "public concern."  These include the affect of the proposed relocation on the Probation Department's capacity to meet the needs of population it serves, the ability of defendants under its supervision to report to the proposed relocation and the impact on violations of probation, the effect on coordination between the Department and other criminal justice

3

agencies and the impact on County revenue.  (Wheeler Dec. Ex. 1.)  The ability of the Probation Department to provide the services with which the citizenry has entrusted it, including supervising and rehabilitating criminal defendants and convicts, is a "subject of legitimate news interest . . . a subject of general interest . . . of value and concern to the public."  Roe, supra, 543 U.S. at 83–84.  The proposed relocation of the Department and the potential impact on its ability to discharge its mandate implicates a "government polic[y] that [is] of interest to the public at large," a subject on which Employee Plaintiffs "are uniquely qualified to comment."  Id. at 80.

Defendants' certain attempt to depict the Letter as a personal grievance necessarily ignores its articulation of the matters of public interest and accordingly must fail.  For example, Defendants may attempt to selectively highlight portions of the Letter that they consider as less deserving of public interest.  While Plaintiffs maintain that the entirety of the Letter may be "fairly characterized" as relating to issues of public concern, Connick, supra, 461 U.S. at 146, the inclusion of even purely personal concerns would not abate the undeniably public concerns identified above.  Our First Amendment jurisprudence denies "protection for public employees when they speak 'upon matters only of personal interest.'" Lewis v. Cowen, 165 F.3d 154, 164 (2d Cir. 1999) (quoting Connick, supra) (emphasis in original).

Speculation on the motives of the signatories to the Letter are similarly unavailing given the Letter's clearly-articulated concerns implicating matters of public interest.  Sousa v. Roque, 578 F.3d 164, 173-174 (2d Cir. 2009).

Finally, the June 2016 Letter is easily distinguishable from examples of employee speech that, "although touching on a topic of general importance, primarily concerns an issue that is 'personal in nature and generally related to [the speaker's] own situation,' such as his or her assignments, promotion, or salary, does not address matters of public concern.'" Jackler, supra,

658 F.3d at 236 (quoting Ezekwo, supra) (alterations in original).  By way of example, the speech held in Ezekwo not to address matters of public concern comprised "prolific writings" by a medical resident about her performance evaluations, the teaching methods of and her treatment by hospital instructors, lack of surgical opportunities extended to her and perceived protected class discrimination and retaliation against her.  940 F.2d at 777-778.  By contrast, the predominating focus of the June 2016 Letter is the impact of the proposed relocation on the population served by the Department and the public at large.  Affording Constitutional protection to such speech does not implicate the warning articulated by Connick, "that government offices could not function if every employment decision became a constitutional matter."  461 U.S. at 143.

## CONCLUSION

For the all of the reasons set forth above, and upon the Declaration of Russell G. Wheeler, and exhibit thereto, it is respectfully submitted that Plaintiffs are entitled to judgment as a matter of law resolving, as against Defendants, that the June 2016 letter constitutes speech on a matter of public concern for purposes of Plaintiff's First Amendment claims and granting judgment as a matter of law against Defendants on any defense founded upon the assertion that it does not and that further judgment should issue granting to Plaintiffs such relief and such other further relief as the Court may deem appropriate.

Dated:  Rhinebeck, New York
        November 20, 2019

                                          /s  Russell G. Wheeler
                                          Russell G. Wheeler (RW8995)
                                          Charny & Wheeler P.C.
                                          9 West Market Street
                                          Rhinebeck, New York 12572
                                          Tel - 845-876-7500
                                          rwheeler@charnywheeler.com
                                          Attorneys for Plaintiffs