# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANN COLE-HATCHARD et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 17-2573-KHV |
| | ) | |
| KATHLEEN TOWER-BERNSTEIN, | ) | |
| in her individual capacity et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On April 10, 2017, employees of the Rockland County Probation Department and their labor union, Civil Service Association, Inc., Local 1000 AFSCME, AFL-CIO, Rockland County Local 844, County of Rockland Unit 8350 ("CSEA"), filed suit against Rockland County and Kathleen Tower-Bernstein, the County's Director of Probation. Complaint (Doc. #1). Plaintiffs allege that Kathleen Tower-Bernstein retaliated against them in violation of 42 U.S.C. § 1983 for exercising their rights under the First Amendment. Specifically, plaintiffs assert that Tower-Bernstein retaliated against them for signing a letter which was dated June 9, 2016 and addressed to the Rockland County Legislature. This matter is before the Court on plaintiffs' Motion For Judgment As A Matter Of Law (Doc. #78) filed November 20, 2019. For reasons stated below, having carefully considered all the evidence adduced at trial, the Court sustains plaintiffs' motion.

## Legal Standard

To sustain a First Amendment retaliation claim, public employees must establish that (1) the First Amendment protects their speech or conduct; (2) defendants took adverse action against them; and (3) a causal connection exists between the adverse action and the protected

speech. Matthews v. City of New York, 779 F.3d 167, 172 (2d Cir. 2015). The Court conducts a two-step inquiry to determine whether the First Amendment protects the speech of public employees. Id. (citing Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)). At step one, the Court determines whether the employees spoke as citizens on matters of public concern. Id. The step one inquiry encompasses two separate sub-questions: (1) whether the subject of the speech was a matter of public concern and (2) whether the employees spoke as citizens rather than solely as employees. Garcetti, 547 U.S. at 418; Jackler v. Byrne, 658 F.3d 225, 235 (2d Cir. 2011). If the answer to either question at step one is no, the Court's inquiry is complete. But if the answer to both questions is yes, then the Court proceeds to step two.[1] Here, the Court addresses only the first sub-question of step one, i.e. whether the letter was speech on matters of public concern, which is a question of law for the Court. See Connick v. Meyers, 461 U.S. 138, 148 n.7 (1983); see also Jackler, 658 F.3d at 235.

The Court determines whether speech is on a matter of public concern based on the content, form and context of a given statement, as revealed by the record as a whole. Connick, 461 U.S. at 147-48. A matter of public concern is one that is "relat[ed] to any matter of political, social, or other concern to the community," at the time of the speech. Jackler, 658 F.3d at 236 (quotation marks omitted). Even if it touches on a topic of general importance, speech which primarily concerns personal grievances and issues that are generally related to the speakers' own situations, i.e. their assignments, promotions or salaries, does not address matters of public concern. Id.;

---

[1] The second step, commonly referred to as the Pickering analysis, asks whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the public based on the government's needs as an employer. See Matthews v. City of New York, 779 F.3d 167, 172 (2d Cir. 2015); see also Pickering v. Board of Ed., 391 U.S. 563, 568 (1968).

Sousa v. Roque, 578 F.3d 164, 174 (2d Cir. 2009) (employee who complains solely about dissatisfaction with employment conditions speaks on matters only of personal interest). The Court considers the speakers' motives as a non-dispositive factor in the analysis. Sousa, 578 F.3d at 173. Employees who are motivated by personal grievances can simultaneously speak on matters which affect the public at large. See Golodner v. Berliner, 770 F.3d 196, 203 (2d Cir. 2014).

**Analysis**

Plaintiffs assert that the letter constitutes speech on matters of public concern. They credibly testified, at length, that the letter was intended to address the effect of the proposed relocation on (1) the Probation Department's capacity to meet the needs of the population which it serves; (2) probationers' ability to report to the proposed relocation and the impact on probation violations; (3) coordination between the Probation Department and other criminal justice agencies; and (4) County revenue. The letter in fact addresses those matters of public concern, and others.

Defendants assert that the letter raises personal grievances related to an internal power struggle within the Probation Department. See Defendants' Memorandum Of Law In Opposition To Plaintiffs' Rule 50 Motion (Doc. #81) filed November 22, 2019 at 4. Defendants assert that plaintiffs wrote the letter "solely to air and rehash new and prior grievances regarding workplace conditions" and to circumvent the Probation Department's chain of command. Id. Defendants further assert that the letter addresses the following issues related to employment conditions which the proposed relocation could impact (1) staffing; (2) ability to perform job functions; (3) office splitting; (5) clerical duties; (6) when and how employees will render services; (7) isolation; and (8) safety and security. Id. at 5.

The Court finds that the letter addresses matters of public concern.[2] Although it includes some discussion of working conditions and notes frustration with the Probation Department's lack of response to employee complaints, the letter does far more than merely vent personal grievances. Lewis, 165 F.3d at 164 (no First Amendment protection if speaking only on matter of personal interest). It addresses, among other things, the Probation Department's role in the court system, potential of relocation to cause revenue loss and costs to the County, safety of employees and clients at the new location, and the Probation Department's ability to meet client needs. See Letter (Doc. #79-1) at 1-2; see also Lewis, 165 F.3d at 164 (2d Cir. 1999) (public fisc is matter of public concern). It expresses concern that individuals on probation will not be able to successfully report to the new location and that this will increase the number of probation violations. In addition, the letter complains of unhygienic offices and hallways which smell of mold at the proposed new location. Id. These are matters of concern to the public and not solely to Probation Department employees. Indeed, as to safety, the Second Circuit Court of Appeals has stated as follows:

> If one needed to consult more than common sense, one would need look no farther than the existence of laws such as the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq. (1994), and similar state laws, see, e.g., N.Y. Lab. Law § 202 et seq. (McKinney Supp. 2001), to recognize that safety in the workplace is a matter of public concern.

Munafo v. Metro. Transp. Auth., 285 F.3d 201, 212 (2d Cir. 2002). The letter plainly addresses much more than plaintiffs' "dissatisfaction with the conditions of [their] employment." Lewis, 165 F.3d at 164. It addresses issues which pertain to the public at large, i.e. matters of public

---

[2] In this case, both parties proceeded on all-or-nothing theories that the letter was entirely a matter of public concern or was entirely an airing of personal grievances by disgruntled probation employees. Because the parties did not attempt to parse the letter to distinguish what specific speech might be protected, the Court views the letter as a whole.

concern, for purposes of the First Amendment analysis.

## **Conclusion**

The Court finds that the letter of June 9, 2016 constitutes speech on matters of public concern.

**IT IS THERFORE ORDERED** that, having carefully considered the evidence adduced at trial, plaintiffs' Motion For Judgment As A Matter Of Law (Doc. #78) filed November 20, 2019 is **SUSTAINED**.

Dated this 5th day of December, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
