# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANN COLE-HATCHARD et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>KATHLEEN TOWER-BERNSTEIN, )<br>in her individual capacity et al., )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION<br><br>No. 17-2573-KHV |

## SETTLEMENT-CONFERENCE ORDER

A settlement conference will be conducted by U.S. District Judge Kathryn H. Vratil on **January 9, 2020, at 9:30 A.M.**, in the U.S. Courthouse, 500 Pearl Street, New York, New York, in accordance with Fed. R. Civ. P. 16(a)(5) and S.D.N.Y. Rule 83.9. The precise location within the courthouse is not yet determined. The basic purpose of this conference – and all the requirements set out below – is to promote informal, candid and ultimately productive discussions among the parties, counsel and the Court. Every aspect of this case bearing on its settlement value will be considered so that Judge Vratil may effectively facilitate the parties' negotiations and privately express her views concerning the actual dollar settlement value or other reasonable disposition of the case, keeping in mind she will preside at trial should the parties be unable to reach a settlement. All parties are required to attend and participate in good faith in the mediation process.

As with trial, it's essential that everyone be fully prepared for a settlement conference. Toward that end, by **December 30, 2019**, each party's lead trial counsel must submit to Judge Vratil a settlement-conference statement with the following information: (1) the general nature and facts of the case; (2) the key factual and legal issues; (3) the most pertinent or compelling evidence

offered and anticipated to be offered at trial by each side on the key issues; (4) an evaluation of the probability of success of trial (i.e., 40%, 65%, etc.) on each of the key issues; (5) a detailed itemization and explanation of the damages or other relief requested; (6) the results of any jury-verdict research concerning similar cases; (7) the projected attorney work hours, attorneys' fees and out-of-pocket expenses for each side to take the case to trial again and, if successful at trial, to defend any appeal brought by an adverse party; (8) the estimated length of time associated with proceeding to trial and dealing with any appeals; (9) a recapitulation of the parties' prior negotiations, with the date and terms of each settlement offer and counteroffer; and (10) perhaps most importantly, a detailed explanation of why the case has not been settled to date, accompanied by specific suggestions concerning how the impasse can be remedied. The parties' settlement-conference statements must not exceed 5 pages and should not be filed. These statements may – but need not – be served on opposing counsel.

These settlement conference statements should be submitted to Judge Vratil as an attachment to an email sent to *ksd_vratil_chambers@ksd.uscourts.gov*. Alternatively, the statements may be faxed to Judge Vratil's chambers at 913-735-2301.

The Court respects counsels' role as advocates for the legitimate interests of their clients. But as a practical matter the settlement-conference statements will be useful to Judge Vratil (and conducive to the mediation process) only if they're realistic and objective about the weaknesses and strengths in each party's case. Bear in mind that neither the settlement conference statements nor communications during the settlement conference can be used by any party during trial of the case. See Fed. R. Evid. 408; see also S.D.N.Y. Rule 83.9.

The settlement-conference statements must include a notation that copies have been provided to clients and any aligned nonparty who has a direct financial stake in the outcome of the

case, e.g., defendants' liability insurance carrier(s), if applicable. Further, the statements must include the name, address, telephone number, employer and job title of the representatives who will attend the conference.

If nonparties have an interest in the outcome of this case, such as primary and any excess-liability insurance carriers, subrogees or lienholders, then counsel must immediately provide written notice to all such nonparties of the date, time and place of the settlement conference, and inform them that their physical presence is required. Counsel also must furnish each interested nonparty a copy of this order.

In addition to the requirement of this order that lead trial counsel be present at the settlement conference, the Procedures of the Mediation Program for the Southern District of New York (available on the Court's official website (https://nysd.uscourts.gov)) require that a person with full settlement authority for each party be present in person. The person with settlement authority must be adequately familiar with the case so as to enable him or her to negotiate in good faith and settle the case.

A person with <u>limited</u> settlement authority does <u>not</u> meet the requirement of this order. Trial counsel rarely satisfies the requirement of a person with full settlement authority. For each plaintiff, a person with settlement authority is someone with the final authority to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the mediator down to defendants' last offer, in the representative's discretion. For defendants, such a representative must have final authority to commit defendants or their liability insurance carrier(s) to pay a settlement amount recommended by the mediator up to plaintiffs' prayer or up to plaintiffs' last demand, whichever is lower, in the representative's discretion, without having to call for additional authority. The purpose of these requirements is to have a representative present

for each party who can settle the case during the course of the conference without consulting a superior.

If defendants have liability insurance, consistent with the insurer's contractual and legal duty to exercise reasonable care and good faith in attempting to settle claims against its insured, the Court expects that the representative of the insurance company will have settlement authority for the lesser of the policy limits or a plaintiff's most recent demand. For example, if a plaintiff's most recent demand is $350,000 and defendants have $500,000 of liability coverage, it's <u>not</u> acceptable for a representative of the insurance company to attend the conference who only has $100,000 of authority, regardless whether another, more senior employee of the insurer supposedly will be available by telephone during the conference. The Court wants and expects the insurer's decision maker – <u>i.e.</u>, the individual with the insurance company who assesses the value of the claim – to be present and to hear all that is said that might bear on the settlement value of the case, so additional money can be offered to settle the case if discussions reveal that doing so is warranted. Of course, the Court is not dictating that defendants in fact pay a particular amount to settle a case, just as the Court would not dictate that plaintiffs agree to accept any particular amount. However, the Court is requiring the decision makers on both sides of the case be present and be able to make quick decisions about what to pay or take to settle the case.

A unit or agency of government satisfies the settlement-authority requirement of this order if represented by a person who has, to the greatest extent feasible, authority to settle, and who is knowledgeable about the facts of the case, the governmental unit's position and the procedures and policies under which the governmental unit decides whether to accept proposed settlements.

Only Judge Vratil may excuse the presence of a person with settlement authority from attending the settlement conference in person. Any request for permission <u>not</u> to appear, or to

participate by telephone, must be requested in writing no later than 14 days before the settlement conference begins. Such requests, however, are highly disfavored and seldom granted.

The success or failure of any settlement conference is driven by the commitment made by the parties and counsel to a candid, good-faith participation in the conference. It is the duty of each party and its counsel to fully analyze all issues pertaining to the settlement conference. And it is the duty of the lawyer representing a party to notify the Court and opposing counsel when the lawyer knows or has a reason to believe that his or her clients do not intend to participate in good faith in the settlement conference, do not intend to have someone with settlement authority or that issues have arisen or changed that would make good-faith settlement negotiations impossible. Notification to the Court need not violate attorney-client confidences; the notice can be made in the form of a motion or a call to chambers.

Before the settlement conference, lead trial counsel must discuss settlement in detail with their clients. Further, before the conference, the parties should have had conducted serious settlement discussions, either directly or through counsel.

Counsel are encouraged to bring to the conference all portions of their files that would be helpful to Judge Vratil or the parties during the course of the conference. This includes, but is not necessarily limited to, key exhibits used or expected to be used at trial, damage calculations, experts' reports, settlement brochures, photographs, etc.

Judge Vratil usually will begin the settlement conference by meeting in the courtroom with all the attendees. Counsel should be prepared to give a brief 5-10-minute summary of their case. The summary should be as objective as possible. Counsel should resist making statements that are likely to polarize the parties. Judge Vratil then typically will break and talk privately with the parties and their representatives.

The Court tentatively has allotted six hours for this settlement conference. The conference, however, will continue until the Court determines that nothing further will be gained by continuing. There will be no specific break in the conference for meals.

The requirements of this order have been imposed to make certain, to the extent possible, that all possible avenues of settlement are reasonably explored <u>before</u> the settlement conference begins. The Court intends to minimize the risk that the valuable time, money and resources of anyone involved in the mediation process is wasted unnecessarily. Accordingly, any material noncompliance with the requirements of this order may result in the imposition of sanctions against the responsible party, attorney or other representative. Such sanctions may include, but are not limited to, an award of attorneys' fees or travel expenses or both.

If counsel or the parties have any questions about this order, they may contact Judge Vratil's courtroom deputy, Andrea Schreyer, at 913-735-2305.

**IT IS SO ORDERED**.

Dated this 20th day of December, 2019 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge