**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ANN COLE-HATCHARD, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 17-2573-KHV** |
| KATHLEEN TOWER-BERNSTEIN, | ) | |
| in her individual capacity, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### Order To Show Cause

On December 20, 2019, at the request of the parties, the Court scheduled a settlement conference for January 9, 2020. In doing so, it instructed the parties to submit by December 30, 2019 settlement-conference statements that contain certain information. See Settlement-Conference Order (Doc. #86). Defendants did not submit any such statement. Accordingly, on January 6, 2019, the Court ordered defendant Kathleen Tower-Bernstein and defense counsel to show good cause in writing, on or before noon on January 7, 2020, why they should not be personally sanctioned for failure to participate in good faith in the mediation process, and why the mediation conference should not be postponed or cancelled altogether. See Order To Show Cause (Doc. #87).

Later on January 6, 2019, defendants sent the Court a letter. If it were a settlement-conference statement, it would be untimely.[1] More importantly, defendants violated the Court order of December 30 by failing to include information that the Court expressly requested them to

---

[1] Until January 7, 2020, at 10:04 AM, defendant and defense counsel did not acknowledge the issue of untimeliness or show excusable neglect for failing to comply with the Court's order. See Declaration Of Larraine S. Feiden, Esq. (Doc. #88).

provide.  Among other items, the letter does not contain (1) a detailed itemization and explanation of the damages or other relief which plaintiffs request; (2) the projected attorney work hours; attorneys' fees and out-of-pocket expenses for each side to take the case to trial again and, if successful at trial, to defend any appeal that the adverse party brings; (3) a recapitulation of the parties' prior negotiations, with the date and terms of each settlement offer and counteroffer; (4) a detailed explanation why the case has not been settled to date, accompanied by specific suggestions concerning how the impasse can be remedied; (5) an evaluation of the probability of success at trial *on each of the key issues*.[2]  Moreover, it does not indicate whether copies of the letter were provided to clients and aligned nonparties who may have a financial stake in the outcome; or the name, address, telephone number, employer and job title of the representatives who will attend the mediation conference.

On January 7, 2019, defendants responded to the Court's order to show cause.  Response To Order To Show Cause (Doc. #88).  Defendants explain that they did not timely submit a settlement-conference statement because they missed the notification of the Court's order while upgrading their email system.  Defendants argue that sanctions would be inappropriate because their delay has not prejudiced plaintiffs, and they assure the Court that they are prepared to participate in good faith in the mediation on January 9, 2019.

Beyond defendants' claims, nothing suggests that they have given any thought whatsoever to engaging in a meaningful mediation session two days from now.  As explained above, they submitted their purported mediation statement less than three days before the scheduled

_____

[2]	The letter on January 6 is a five-page argumentative, non-objective statement why defendants will prevail.  It was apparently written for a purpose other than the mediation set for January 9, as it conspicuously and curiously omits any reference to the five-day trial which resulted in a 5-2 hung jury in December of 2019.

mediation,[3] and it omitted nearly every piece of required information. Accordingly, defendants have not yet shown good cause why the Court should not cancel the mediation altogether. See Order To Show Cause (Doc. #87).

The Court therefore gives defendants until 5:00 PM on January 7, 2020 to submit a settlement-conference statement that contains the information that the Court previously requested they provide. See Settlement-Conference Order (Doc. #86).

**IT IS SO ORDERED.**

Dated this 7th day of January, 2020 at New York, New York.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3] Defendants offer no support for their conclusory assertion that their delay has not prejudiced plaintiffs. Even if defendants' purported settlement-conference statement contained the required information, plaintiffs would have less than two days to assess it in preparation.