# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANN COLE-HATCHARD et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 17-2573-KHV |
| COUNTY OF ROCKLAND et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On April 10, 2017, employees of the Rockland County Probation Department and their labor union, Civil Service Association, Inc., Local 1000 AFSCME, AFL-CIO, Rockland County Local 844, County of Rockland Unit 8350 ("CSEA"), filed suit against Rockland County and Kathleen Tower-Bernstein, the County's Director of Probation. Complaint (Doc. #1). Plaintiffs alleged that Kathleen Tower-Bernstein retaliated against them in violation of 42 U.S.C. § 1983 for exercising their rights under the First Amendment. Specifically, plaintiffs asserted that Tower-Bernstein retaliated against them for signing a letter which was dated June 9, 2016 and addressed to the Rockland County Legislature. From February 19 to February 24, 2020, the Court conducted a jury trial. On February 21, 2020, at the close of all evidence, plaintiffs orally moved for judgment as a matter of law regarding whether they spoke as private citizens or solely as public employees. For reasons stated below and on the record at trial, the Court sustained the motion.

**I.    Legal Standards**

Under Rule 50(a)(1), Fed. R. Civ. P., the Court may grant judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the [C]ourt finds that a

reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a); Piesco v. Koch, 12 F.3d 332, 340 (2d Cir. 1993). Thus, the Court may sustain a motion for judgment as a matter of law where there is such a complete absence of evidence that no reasonable juror could find in favor of the non-moving party. See Samuels v. Air Transport Local 504, 992 F.2d 12, 14 (2d Cir. 1993). In evaluating the merits of the motion, "the [C]ourt must view the evidence in a light most favorable to the nonmovant and grant that party every reasonable inference that the jury might have drawn in its favor." Hannex Corp. v. GMI, Inc., 140 F.3d 194, 203 (2d Cir. 1998) (quotation omitted); Wimmer v. Suffolk Cty. Police Dep't, 176 F.3d 125, 134 (2d Cir. 1999).

To sustain a First Amendment retaliation claim, plaintiff must prove the following elements: (1) the First Amendment protects her speech or conduct; (2) defendant took adverse action against her; and (3) a causal connection exists between the adverse action and the protected speech. Matthews v. City of New York, 779 F.3d 167, 172 (2d Cir. 2015). Whether the First Amendment protects the speech of a public employee is a two-part inquiry. Id. (citing Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)). The first step of the inquiry encompasses two separate sub-questions: (1) whether the subject of the speech was a matter of public concern and (2) whether the employee spoke as a private citizen rather than solely as a public employee. Garcetti, 547 U.S. at 418; Jackler v. Byrne, 658 F.3d 225, 235-36 (2d Cir. 2011). The first sub-question of step one – whether the subject of the speech was a matter of public concern – is a purely legal question for the Court.[1] See Connick v. Meyers, 461 U.S. 138, 148 n.7 (1983); see also Jackler, 658 F.3d

---

[1] The Court has determined, for reasons stated elsewhere, that plaintiffs' speech was on matters of public concern. Memorandum And Order (Doc. #84) filed December 5, 2019.

at 235. Plaintiffs seek judgment as a matter of law on the second sub-question of step one – whether the employee spoke as a private citizen rather than solely as a public employee.[2]

To determine whether plaintiffs spoke as private citizens rather than solely as public employees, the Court asks whether (1) the speech fell outside of their official job responsibilities or duties and (2) a civilian analogue exists. Matthews v. City of New York, 779 F.3d 167, 173 (2d Cir. 2015).

## II.     Analysis

Plaintiffs asserted that they are entitled to judgment as a matter of law because no record evidence supports defendants' argument that the letter of June 9, 2016 was part of their official job duties as probation department employees. They asserted that "no plaintiff, indeed nobody in the Department of Probation, other than, presumably, the director, had any job duty that involved relaying that information outside the chain of the command to the legislature." Trial Transcript ("Tr.") at 565. In response, defendants asserted that plaintiffs spoke as public employees when they signed the letter of June 9, 2016 because it concerned the effect of the move on their ability to execute their job responsibilities. Tr. at 571-572.

---

[2] Courts disagree whether this issue is a question of law or a mixed question of law and fact. See, e.g., Jackler v. Byrne, 658 F.3d 225, 237 (2nd Cir. 2011) ("Whether the employee spoke solely as an employee and not as a citizen is largely a question of law for the court."); Posey v. Lake Pend Oreille Sch. Dist. No. 84, 546 F.3d 1121, 1129 (9th Cir. 2008) (mixed question of law and fact); Brown v. Office of State Comptroller, 211 F. Supp. 3d 455, 465 (D. Conn. 2016), aff'd in part, appeal dismissed in part sub nom. Brown v. Halpin, 885 F.3d 111 (2d Cir. 2018) (question of law for court but highly fact-dependent). In this case, the Court need not decide whether this question is one of law or a mixed question of law and fact because the Court's decision is the same under both standards.

### A. Whether The Speech Fell Outside Of Plaintiffs' Official Job Duties

The inquiry into whether public employees spoke pursuant to their official duties is not susceptible to a bright-line rule. Ross v. Breslin, 693 F.3d 300, 306 (2d Cir. 2012). The Court considers several factors, such as the nature of plaintiffs' job responsibilities, the nature of the speech and the relationship between the two. Id.; Eyshinskiy v. Kendall, 692 F. App'x 677, 678 (2d Cir. 2017). In addition, the Second Circuit has held that when public employees whose duties do not involve formulating, implementing or providing feedback on a policy that implicates a matter of public concern engage in speech concerning that policy, and do so in a manner in which ordinary citizens would be expected to engage, they speak as citizens, not as public employees. Matthews, 779 F.3d at 174.

Here, plaintiffs are probation officers and administrative employees of the probation department. Each plaintiff testified, and none stated that her job duties involved writing to public officials or "formulating, implementing or providing feedback on a policy." Id. No evidence supports the conclusion that writing to the Rockland County Legislature was part of their official job duties.[3]

Furthermore, defendants' argument that plaintiffs spoke as public employees because they were concerned about the effect of the move on their ability to carry out their jobs duties is

---

[3] Citing Freitag v. Ayers, 468 F.3d 528 (9th Cir. 2006), plaintiffs also argued that even if the letter of June 9, 2016 was pursuant to their job duties, it was still protected speech because plaintiffs took the letter outside the chain of command. Tr. at 565-67. The Court need not address this argument because it finds that when they signed the letter, plaintiffs spoke as private citizens and not solely as public employees.

misplaced.[4]  See Tr. at 571.  The Court has already determined that the letter of June 9, 2016 addressed more than plaintiffs' concerns about their ability to do their jobs.  Specifically, the Court has determined that the letter addressed, "among other things, the Probation Department's role in the court system, potential of relocation to cause revenue loss and costs to the County, safety of employees and clients at the new location, and the Probation Department's ability to meet client needs."  Memorandum And Order (Doc. #84) at 4.

In sum, when they signed the letter of June 9, 2016, plaintiffs spoke as private citizens – not solely as public employees.

### B. Whether The Speech Had A Relevant Civilian Analogue

The Court also considers whether plaintiffs' speech had a civilian analogue.  Matthews, 779 F.3d at 172.  The existence of a civilian analogue is satisfied so long as the employees "chose a path that was available to ordinary citizens."  Id. at 176.  As long as public employees pursue an avenue that an ordinary citizen could when they complain to a governmental actor or entity, the

---

[4] To support their argument, defendants cited Waronker v. Hempstead Union Free Sch. Dist., 788 F. App'x 788, 792 (2d Cir. 2019), cert. pet. filed Jan. 15, 2020, and Weintraub v. Bd. of Educ. of City Sch. Dist. of City of New York, 593 F.3d 196, 203 (2d Cir. 2010).  Neither of these cases compel a different result.

In Waronker, the Second Circuit held that a school superintendent did not speak as a private citizen when he publicly accused the school district of corruption.  The court held that rooting out corruption and mismanagement was part and parcel of the superintendent's daily work responsibilities.  In Weintraub, the Second Circuit held that when a public school teacher challenged the school administration's decision to not discipline a student in his class, he spoke pursuant to his official duties because the speech was part and parcel of his concerns about his ability to properly execute his duties.  The court determined that the teacher's speech was a means to fulfill, and undertaken in the course of, performing his primary employment responsibility of teaching.  Id. (citations omitted).  Here, the record does not support a conclusion that plaintiffs' speech was part of their job responsibilities as probation department employees, or a means to fulfill them, or undertaken in the course of performing them.

Court will find that the employees' actions have the requisite civilian analogue.  <u>Id.</u> at 174.

Here, plaintiffs signed a letter to the Rockland Count Legislature.  Ordinary citizens have the ability to write letters to local officials, and the record does not contain evidence that this avenue was only available to public employees.  Plainly, plaintiffs chose an avenue that was available to anyone.

**III. Conclusion**

When they signed the letter of June 9, 2016 to the Rockland County Legislature, plaintiffs spoke as private citizens and note solely as public employees.  On this record, no reasonable jury could have found otherwise.  Accordingly, the Court sustained plaintiffs' motion for judgment as a matter of law on this issue.

**IT IS SO ORDERED**.

Dated this 24th day of March, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge