IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANN COLE-HATCHARD et al., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 17-2573-KHV |
| KATHLEEN TOWER-BERNSTEIN et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER GRANTING NEW TRIAL

On June 22, 2017, employees of the Rockland County Probation Department and their labor union, Civil Service Association, Inc., Local 1000 AFSCME, AFL-CIO, Rockland County Local 844, County of Rockland Unit 8350 ("CSEA"), filed an amended complaint against Rockland County and Kathleen Tower-Bernstein, the County's Director of Probation. First Amended Complaint (Doc. #15). Plaintiffs alleged that in violation of 42 U.S.C. § 1983, Tower-Bernstein retaliated against them for exercising their First Amendment rights. Id. On February 24, 2020, a jury returned a verdict in defendants' favor, finding that Tower-Bernstein had not taken adverse action against plaintiffs. Verdict Form (Doc. #93). On May 22, 2020, the Court vacated the jury verdict, entered judgment as a matter of law for plaintiffs as to liability and ordered the parties to show cause in writing why the Court should not order a new trial solely on the issue of damages.[1] Memorandum And Order And Order To Show Cause (Doc. #109). This matter is before the Court on the parties' responses to the Court's show cause order. Plaintiffs' Memorandum Of Law In Response To The Court's Order To Show Cause (Doc. #110) filed

---

[1] The Court incorporates the factual and procedural background from its Memorandum And Order And Order To Show Cause (Doc. #109).

June 5, 2020; Defendants' Memorandum Of Law In Response To The Court's Show Cause Order (Doc. #111) filed June 19, 2020.  For reasons stated below, the Court orders a new trial on damages.

### Legal Standard

Pursuant to Rule 50(b), Fed. R. Civ. P., after a trial, parties may file a renewed motion for judgment as a matter of law.  If the Court grants plaintiffs judgment as a matter of law on liability, it can order a new trial that is limited to the issue of damages.  Fed. R. Civ. P. 50(b); see Diamond D Enterprises USA, Inc. v. Steinsvaag, 979 F.2d 14, 17 (2d Cir. 1992) (most common example of partial new trial is one limited to damages when liability has been properly determined); Rucks v. City of New York, 96 F. Supp. 3d 138, 154 (S.D.N.Y. 2015) (granting judgment as a matter of law and ordering new trial limited to damages).

### Analysis

On March 23, 2020, pursuant to Rule 50(b), Fed. R. Civ. P., plaintiffs sought judgment as a matter of law as to liability and a new trial on the issue of damages.  Notice Of Motion For Judgment As A Matter Of Law (Doc. #98) at 2.  On May 22, 2020, the Court vacated the jury verdict and entered judgment as a matter of law for plaintiffs on the issue of liability. Memorandum And Order And Order To Show Cause (Doc. #109).  Accordingly, plaintiffs assert that the Court should order a trial on damages.  See Plaintiffs' Memorandum Of Law In Response To The Court's Order To Show Cause (Doc. #110).  Defendants agree that if the Court orders a new trial, it should be solely on the issue of damages.  See Defendants' Memorandum Of Law In Response To The Court's Show Cause Order (Doc. #111).  Defendants argue, however, that a trial is "not warranted and would be a waste of resources because the record lacks competent proof of compensable damages."  Id. at 4.  In particular, they assert that the preceding trial "consisted

of nothing more than subjective testimony that Plaintiffs were upset, unhappy and concerned for their continued employment." Id. at 5.  Apparently to show that the record lacked evidence of damages, defendants also tout the jury's determination that plaintiffs did not suffer adverse employment action, which is an issue of liability.  Id. at 6.

Defendants essentially ask the Court to grant them judgment as a matter of law on damages. Pursuant to Rule 50, Fed. R. Civ. P., they cannot do so.  Rule 50 "sets forth the procedural requirements for challenging the sufficiency of the evidence in a civil jury trial and establishes two stages for such challenges—prior to submission of the case to the jury, and after the verdict and entry of judgment."  Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 399 (2006). Under Rule 50, parties cannot seek judgment as a matter of law after the verdict unless they did so prior to jury submission.  See Health All. Network, Inc. v. Cont'l Cas. Co., 245 F.R.D. 121, 124 (S.D.N.Y. 2007), aff'd, 294 F. App'x 680 (2d Cir. 2008).  In other words, a motion under Rule 50(a) is a procedural prerequisite for a post-trial motion under Rule 50(b), which must be limited to those grounds that the parties specifically raised in the Rule 50(a) motion.  McCardle v. Haddad, 131 F.3d 43, 51 (2d Cir. 1997).

Here, at trial, defendants made an oral motion under Rule 50 for judgment as a matter of law on plaintiffs' claims for punitive damages.  Trial Transcript (Doc. #112-5) filed June 19, 2020 at 25, 52.  Defendants did not make any motion with respect to compensatory damages. Accordingly, Rule 50 bars defendants from now seeking judgment as a matter of law on this issue. See Conte v. Emmons, 895 F.3d 168, 175 (2d Cir. 2018) (to prevent parties from luring opponent into failing to present evidence that would cure asserted defect, procedural bar under Rule 50 "should not be overlooked as a mere technicality").  Moreover, even if defendants had properly sought judgment as a matter of law under Rule 50(a) with respect to compensatory damages, their

present challenge would be untimely.  See Fed. R. Civ. P. 50(b) (movant must file renewed motion within 28 days of judgment entry).

**The Court orders a new trial solely on the issue of damages.   Due to the coronavirus pandemic, the precise date of trial cannot be determined at this time.**

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
