## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANN COLE-HATCHARD et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 17-2573-KHV |
| COUNTY OF ROCKLAND et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On April 10, 2017, employees of the Rockland County Probation Department and their labor union, Civil Service Association, Inc., Local 1000 AFSCME, AFL-CIO, Rockland County Local 844, County of Rockland Unit 8350 ("CSEA"), filed suit against Rockland County and Kathleen Tower-Bernstein, the County's Director of Probation.   Complaint (Doc. #1).   Plaintiffs alleged that Tower-Bernstein retaliated against them in violation of 42 U.S.C. § 1983 for exercising their rights under the First Amendment.   On May 22, 2020, the Court granted judgment as a matter of law in favor of plaintiffs on the issue of liability.   This matter is before the Court on plaintiffs' Motion For A Permanent Injunction (Doc. #115) filed January 29, 2021.   For reasons stated below, the Court sustains plaintiffs' motion and enters a permanent injunction against defendants.

### Findings Of Fact

1.    Plaintiffs are or were employees of the Rockland County Probation Department.

2.    In 2016, defendants announced that they intended to divide the Probation Department into two offices and transfer a number of employees to another location in the County.

3.    Plaintiffs signed a petition dated June 9, 2016 addressed to the Rockland County

Legislature (the "Petition") that discussed matters of public concern.   Memorandum And Order

And Order To Show Cause (Doc. #109) filed May 22, 2020 at 1–2; Memorandum And Order (Doc.

#84) filed December 5, 2019 at 4–5.   Specifically, the Petition addressed, "among other things,

the Probation Department's role in the court system, potential of relocation to cause revenue loss

and costs to the County, safety of employees and clients at the new location, and the Probation

Department's ability to meet client needs."   Memorandum And Order (Doc. #84) at 4.   When

plaintiffs signed the Petition, they spoke as private citizens—not solely as public employees.   Id.

     4.     On June 21, 2016, Tower-Bernstein, who is the Director of the Probation

Department and plaintiffs' supervisor, issued a Memorandum of Warning (the "Memorandum")

to plaintiffs which stated as follows:

> This memorandum of warning has been prepared in response to a letter, dated June 9, 2016, addressed to Members of the Rockland County Legislature . . . and signed by you and other employees of the Probation Department. * * *
>
> By submitting a letter as "members of the Rockland County Department of Probation", you have demonstrated a disregard for chain of command, a disrespect for the Office of the County Executive and an ignorance of potential repercussions of your action, including political, economic and public perception.
>
> You are advised that further communication of this nature may result in disciplinary action taken against you.

Plaintiffs' Exhibit 9 (Doc. #99-3).

     5.     On July 16, 2016, defendants refused to expunge the Memorandum from their files,

stating as follows:

> [C]opies of such Memoranda will be retained by the Director as proof of progressive discipline.   As you are well aware, Article XVIII - Appendix A, Section D(10) of the CSEA contract permits an employee's entire record of employment to be considered at a disciplinary proceeding with respect to the penalty to be imposed.

6.      Plaintiffs—16 similarly situated longtime probation employees—each testified that the Memorandum and the emergency meeting with management about the Memorandum chilled the exercise of their First Amendment rights.   Memorandum And Order And Order To Show Cause (Doc. #109) at 8.   Even Jennifer Williams, the probation department supervisor who drafted the Petition but elected not to join the lawsuit, testified that delivering the letter was "risky" because it was taking a stand; that the emergency meeting was a "dressing down" for signing the letter; and that when she saw the Memorandum, she wanted it out of her file because she was resistant to being admonished and did not want to lose her job.   Id.   No credible evidence suggested that plaintiffs or Williams were intimidated because they lacked "ordinary firmness." Id.   Plaintiffs constituted their own cohort of similarly situated employees and the jury heard no testimony from other probation officers who knew that Tower-Bernstein's reprimands could be safely disregarded.   Id.

## Conclusions Of Law

1.      To obtain a permanent injunction, plaintiffs must show (1) success on the merits; (2) an irreparable injury; (3) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (4) that considering the balance of hardships between plaintiffs and defendants, an equitable remedy is warranted; and (5) that the public interest would not be disserved by a permanent injunction.   eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); Roach v. Morse, 440 F.3d 53, 56 (2d Cir. 2006).

2.      *Success On The Merits*.   The Court previously determined that plaintiffs are entitled to judgment on the issue of liability.   Memorandum And Order And Order To Show Cause (Doc. #109) at 9.   Specifically, the Court determined that under 42 U.S.C. § 1983, the

Memorandum constitutes unconstitutional retaliation for protected speech under the First Amendment.  Id. at 5–9.

3.      *Irreparable Injury*.  "The loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury."  Elrod v. Burns, 427 U.S. 347, 373 (1976).  "Harm might be irremediable, or irreparable, for many reasons, including that a loss is difficult to replace or difficult to measure, or that it is a loss that one should not be expected to suffer."  Salinger v. Colting, 607 F.3d 68, 81 (2d Cir. 2010).

Defendants continue to retain the Memorandum, which, as a matter of law, "would . . . dissuade[] a similarly situated person of ordinary firmness from engaging in constitutionally protected speech."  Memorandum And Order And Order To Show Cause (Doc. #109) at 5.  Unless the Memorandum is expunged and defendants are restrained from using it against plaintiffs, plaintiffs will continue to be dissuaded from engaging in constitutionally protected speech.  Because the Memorandum directly limits "further communication" of a similar nature as the Petition, irreparable injury is presumed.  See Bronx Household of Faith v. Bd. of Educ. of N.Y., 331 F.3d 342, 349 (2d Cir. 2003) (where plaintiff alleges injury from rule or regulation that directly limits speech, irreparable nature of harm may be presumed).  Even absent the presumption, plaintiffs themselves testified that the Memorandum and the emergency meeting about it chilled the exercise of their First Amendment rights.  Memorandum And Order And Order To Show Cause (Doc. #109) at 8.

Defendants argue that the Memorandum does not adversely impact plaintiffs because based on the Court's rulings, they will not use it against any plaintiff.  Even so, defendants have not shown that their current stated intention—nearly five years after they retained the Memorandum

as "proof of progressive discipline" and after a judicial determination that their conduct violated plaintiffs' First Amendment rights—is sufficient to protect plaintiffs from the chilling effect of defendants' retention of the Memorandum or its potential future use against plaintiffs.   See United States v. Or. State Med. Soc., 343 U.S. 326, 333 (1952) (sole function of injunction to forestall future violations; courts should beware of efforts to defeat injunctive relief by protestations of repentance and reform); see also Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 405 (2d Cir. 2004) (agreement to cease infringing behavior is relevant, but does not prevent court from considering prior infringing behavior as justification for injunction).   A permanent injunction is necessary to ensure that plaintiffs are free to speak to the County Legislature or similar organizations without fear that defendants will use the Memorandum against them.[1]

    4.    *Legal Remedy Inadequate*.   Absent an injunction prohibiting defendants' use of the Memorandum, plaintiffs' First Amendment rights will be chilled.   Plaintiffs do not have an adequate remedy at law to protect against defendants' threatened use of the Memorandum.   See

---

[1]    Defendants argue that plaintiffs' delay in seeking an injunction destroys the presumption of irreparable harm.   Defendants cite several cases outside the First Amendment context and do not adequately explain why any delay should preclude a *permanent* injunction prohibiting the use of a document which—as a matter of law—dissuades plaintiffs from engaging in constitutionally protected speech.   See Tough Traveler, Ltd. v. Outbound Prods., 60 F.3d 964, 968 (2d Cir. 1995) (although delay may not warrant denial of "ultimate relief," it may, standing alone, preclude "preliminary injunctive relief"); Silber v. Barbara's Bakery, Inc., 950 F. Supp. 2d 432, 442 (E.D.N.Y. 2013) (theory that delay may indicate lack of irreparable harm primarily applies where plaintiff in trademark, copyright and similar disputes involving advertising initially concludes own claim is not viable, but later seeks preliminary relief as commercial strategy to impede successful competitor) (citing Tom Doherty Assocs., Inc. v. Saban Ent., Inc., 60 F.3d 27, 39 (2d Cir. 1995)); see also Weight Watchers Int'l, Inc. v. Luigino's, Inc., 423 F.3d 137, 145 (2d Cir. 2005) (while plaintiff did not act as promptly as it could have, delay did not require denial of relief); Nicholson v. Scoppetta, 344 F.3d 154, 167 n.6 (2d Cir. 2003) ("Nor do we believe . . . that a court can or should properly reach any conclusions about the likelihood of irreparable harm from the strategic decisions of plaintiff's counsel to delay seeking relief until such time as the plaintiffs can actually demonstrate that relief is warranted.").

Ne. Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (because of intangible nature of "chilled free speech," monetary damages insufficient to make plaintiffs whole).   Accordingly, a permanent injunction is necessary to afford plaintiffs adequate relief.

5.      *Balance Of Hardships*.   Based on defendants' stated intention not to use the Memorandum against plaintiffs, defendants cannot show any appreciable hardship if they permanently remove the Memorandum from their files and do not use it against plaintiffs.   The threatened harm to plaintiffs' rights under the First Amendment if the Court does not issue a permanent injunction outweighs any hardship on defendants if the Court enjoins them from use of the Memorandum.

6.      *Public Interest*.   A permanent injunction will not disserve the public interest.   See N.Y. Progress & Prot. PAC v. Walsh, 733 F.3d 483, 488 (2d Cir. 2013) (securing First Amendment rights in public interest).   Defendants are simply precluded from using the Memorandum, which this Court has found dissuades plaintiffs from engaging in constitutionally protected speech.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion For A Permanent Injunction (Doc. #115) filed January 29, 2021 is **SUSTAINED**.

**IT IS FURTHER ADJUDGED, DECREED AND ORDERED that defendants County of Rockland and Kathleen Tower-Bernstein expunge and permanently remove the June 2016 Memorandum of Warning from all records and files maintained by defendants for the following employees or former employees: Ann Cole-Hatchard, Laureen Connelly, Donna Delarm, Jill Donovan, Jean Freer, Stefanie Gaudelli, Eleanor Gold, Grace Henriquez, Marion Leavey, Margaret Mackey, Diane Reeves, Christina Sagaria, Erica Salerno, Carol**

Schuler, Antoinette White, and Deborah Whittaker and Civil Service Employees Association, Inc., Local 1000 AFSCME, AFL-CIO, Rockland County Local 844, County of Rockland Unit 8350 (herein collectively, and exclusively, Plaintiffs).

IT IS FURTHER ADJUDGED, DECREED AND ORDERED that defendants County of Rockland and Kathleen Tower-Bernstein are permanently enjoined and may never use the Memorandum of Warning against any Plaintiff for any reason whatsoever.

IT IS FURTHER ADJUDGED, DECREED AND ORDERED that defendants County of Rockland and Kathleen Tower-Bernstein shall consider the Memorandum of Warning a nullity, that is as if it never existed.

IT IS SO ORDERED.

Dated this 15th day of August, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge